**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE LUIS MONTANO-RIVAS,<br><br>Defendant - Appellant. | No. 13-50076<br><br>D.C. No. 3:10-cr-04836-GT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Jose Luis Montano-Rivas appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Montano-Rivas contends that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(iii) by failing to provide an opportunity for the government to present its sentencing recommendation. We review for plain error, *see United States v. Waknine*, 543 F.3d 546, 552-53 (9th Cir. 2008), and find none. As the parties' briefs reflect, the law is unclear with respect to whether Rule 32(i)(4)(A)(iii) applies to supervised release revocation proceedings. Thus, any error by the district court in failing to provide the government an opportunity to speak before imposing sentence was not "plain." *See United States v. Olano*. 507 U.S. 725, 734 (1993).

Montano-Rivas also contends that the district court procedurally erred by failing to address his mitigation arguments. The record shows the district court heard Montano-Rivas's mitigation arguments and sufficiently explained the sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Montano-Rivas finally contends that the 24-month sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Montano-Rivas's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including

Montano-Rivas's criminal history and breach of the court's trust. *See id.*; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**